Sherron *v.* Hall.

S. W. SHERRON *v.* G: A. HALL et al.

1. PLEADING AND PRACTICE. *Writ of replevin. Amendment.* A
writ of replevin sued out before a Justice by a wife for prop-
erty seized by the defendant under execution against the hus-
band, may be amended in the Circuit Court by joining the hus-
band with the wife as plaintiff, upon the execution of a new
bond.

2. SEPARATE ESTATE. *Chattel.* When a chattel is purchased from
the husband by a stranger, and at once given to the wife for
herself, the transaction, from its very nature, would confer
upon the wife a separate estate.

3. LAWS OF SISTER STATES. *Judicial notice. Query.* Whether this
Court will reverse for the want of proof of the law of a sister
State, of the existence of which the Court is authorized to
take judicial notice.

---

FROM HARDEMAN.

---

Appeal in error from the Circuit Court of Harde-
man County. T. J. FLIPPIN, J.

A. M. LAMBETH, JR., for Complainant.

F. FENTRESS for Defendants.

COOPER, J., delivered the opinion of the Court.

Sherron, as Constable, having in his hands an
execution against G. A. Hall, levied on a buggy
and harness as his property. Nannie Hall, the
wife of G. A. Hall, sued out a writ of replevin
before a Justice of the Peace, who gave judgment
in her favor, and Sherron appealed.

In the Circuit Court, upon motion, the writ was amended by making G. A. Hall a nominal plaintiff with his wife, upon the husband giving a new and sufficient replevin bond. Sherron excepted. The case was then tried by a jury, and resulted in a verdict and judgment for Hall and wife.

Sherron appealed in error.

It is assigned as error that the proceedings before the Justice of the Peace were void, because the married woman could not execute a valid replevin bond, and that, consequently, no amendment could be made.

If it be conceded that a married woman cannot give a valid bond, the writ might be amended by allowing her husband or a next friend to be joined as a co-plaintiff upon giving a proper bond. This was what was done in the Circuit Court, in which court, by the appeal, the cause stood for proceedings *de novo.*

A new bond may be given in proper cases: Code, sec. 3392; *Creamer* v. *Ford*, 1 Heis., 307. The general rule that a defendant in an execution cannot maintain an action of replevin for the goods seized thereunder, only applies when the officer is proceeding rightfully: *Dearmon* v. *Blackburn*, 1 Sneed, 390. If the officer levy on exempt property, the defendant may sue out the writ: *Wilson* v. *McQueen*, 1 Head, 17; *Harris* v. *Austell*, 2 Bax., 151. If the property belong not to the debtor in the execution, but to his wife, there is

no reason why he may not join with her as a nominal plaintiff in the writ.

The proof is clear that the property in controversy was bought from the husband by a third person, and at the same time given by the purchaser to the wife, the husband and wife then being resident citizens of the State of Mississippi. The gift was not accompanied with words showing the intention of the donor to give to the separate use of the wife, doubtless because the statute law of Mississippi made the property separate estate by virtue of the gift itself. It is said, however, that there was no evidence offered on the trial of the law of Mississippi, and the bill of exceptions is silent on the subject.

The Code does seem to contemplate the introduction, in the trial court of proof of the law of a sister State, while it allows this Court to take judicial notice of the same law: Code, secs. 3800, 3801; *Hubbs* v. *M. & C. R. R. Co.*, 9 Heis., 873. It would seem useless to reverse for the want of proof of a law of the existence of which this Court must take judicial cognizance: *Foster* v. *Taylor*, 2 Tenn., 191. But the gift was in effect as if the husband, for a valuable consideration, had made the conveyance to the wife, in which case the transaction, from its very nature, would confer a separate estate without express words: *Powell* v. *Powell*, 9 Hum., 477.

Affirm the judgment.